■ WILLIAM GRUMAN, Respondent, v NORMAN A. PLOTKIN, Appellant.— In an action on a mortgage note, defendant appeals from an order of the Supreme Court, Nassau County, entered July 19, 1977, which denied his motion to vacate a prior order which granted summary judgment to plaintiff. Order affirmed, with $50 costs and disbursements. In this action on a mortgage note, plaintiff had been awarded a default judgment. That judgment was later vacated on defendant's motion and his answer was served. Plaintiff then moved for, and was granted, summary judgment. Defendant, who had opposed summary judgment solely on his attorney's affidavit, did not appeal from the order granting summary judgment. After the time to appeal from that order had expired, he moved to vacate the grant of summary judgment pursuant to CPLR 5015. Vacatur was denied on the ground that defendant was seeking to do indirectly what he could not do directly. Defendant's contentions on this appeal from the denial of the vacatur are essentially addressed to the reasons he believes summary judgment should not have been granted. He maintains that the "scope of review" on this appeal is the lack of jurisdiction to grant plaintiff summary judgment and that such grant was made in excess of constitutional authority. By lack of jurisdiction, defendant seems to mean that plaintiff cannot maintain this action in New York because he is an assignee of a foreign

corporation doing business here without authority (see Business Corporation Law, § 1312, subd [a]). None of the papers filed in this matter, however, contain a single fact to show that plaintiff's assignor is "doing business" in this State as that term has been construed (see *International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224). If defendant means that bringing the action constitutes "doing business", he again contends in error (see Business Corporation Law, § 1301, subd [b], par [1]). Equally without merit is defendant's contention that the grant of summary judgment by the Special Term—on a motion on notice—is an exercise of authority in excess of constitutional limits. Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.